UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GREGORY B. THOMAS,

    Petitioner,

-vs-                                               Case No. 8:06-cv-155 -T-27TGW

STATE OF FLORIDA,

    Respondent.
_____/

## ORDER

Petitioner, an inmate in a Florida penal institution proceeding *pro se*, filed a Petition for Writ of *Audita Querela* on January 25, 2006 (Dkt. 1) and an Affidavit of Indigency in which he seeks leave to proceed *in forma pauperis* (Dkt. 2). Petitioner is challenging a 1997 escape conviction entered by the Sixth Judicial Circuit Court, Pinellas County, Florida (Dkt. 1).

While confined in the St. Petersburg Community Correctional Center, Petitioner left work on September 26, 1997, without notifying anyone. Petitioner was subsequently retaken into custody, and a jury found him guilty of, *inter alia*, escape, in violation of Fla. Stat. § 944.40 (1997).[1] *See Thomas v. State*, 741 So.2d 1246, 1247 (Fla. 2d DCA 1999) (concluding that Petitioner had not been *released* from a state correctional facility at the time he committed the burglary offenses for which he was sentenced, the court affirmed

---

[1] "Any prisoner confined in any prison, jail, road camp, or other penal institution, state, county, or municipal, working upon the public roads, or being transported to or from a place of confinement who escapes or attempts to escape from such confinement shall be guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. The punishment of imprisonment imposed under this section shall run consecutive to any former sentence imposed upon any prisoner." Fla. Stat. § 944.40 (1997).

Petitioner's convictions but reversed the imposition of the prison releasee reoffender portion of his sentence).

The crux of Petitioner's argument is that "his conduct of leaving work instead of the St. Petersburg Community Correctional Center, a State penal institution, does not constitute 'escape' because he was not 'confined' or in a form of 'confinement' as contemplated by [Fla. Stat.] § 944.40" (Dkt. 1, Ex. A at 4). According to Petitioner, the state courts have ruled that this claim is procedurally defaulted. He asserts, however, that he should be allowed to proceed in federal court despite the default because he "suffers from psychosis due to his prior abuse of illegal drugs which renders his comprehension of the law library collection and its materials inaccessible due to his mental incompetence, diminished capacity, or other disabilities akin to that of dyslexia, having to rely on a non-attorney who did not identify this issue to be presented in his 2001 Rule 3.850 motion" (Dkt. 1 at 5).

Petitioner contends that he should be allowed to proceed in this Court on a petition for writ of *audita querela* even though he is asking this Court to vacate his state criminal conviction. Specifically, "Petitioner asserts that neither 28 U.S.C. §§ 2241, 2254, 2255 are available to him as being either inapplicable, procedurally barred and/or time barred pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), . . . and that a writ of *audita querela* is thus his only avenue of relief." Petitioner cannot circumvent the restrictions imposed by AEDPA on applications for post-conviction relief by filing a petition for a writ of *audita querela*.

In a recent decision addressing this issue, the Eleventh Circuit joined seven sister circuit courts in holding that where a petitioner "is collaterally attacking his sentence as

violating the United States Constitution, the proper avenue of relief is § 2255 [§ 2254]."[2] *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005) (rejecting petitioner's argument that because neither § 2255 nor § 2241 were available to him, he was entitled to proceed because a writ of *audita querela* was his only avenue of relief). *See also United States v. Torres*, 282 F.3d 1241, 1245 (10th Cir. 2002) (holding that "a writ of *audita querela* is 'not available to a petitioner when other remedies exist, such as a motion to vacate sentence under 28 U.S.C. § 2255.'") (citation omitted); *Doe v. I.N.S.*, 120 F.3d 200, 203 (9th Cir. 1997) (*Audita querela* is not a wand which may be waived over an otherwise valid criminal conviction, causing its disappearance"); *United States v. LaPlante*, 57 F.3d 252, 253 (2d Cir. 1995) (explaining that "*[a]udita querela* is probably available where there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy.") (citation omitted); *United States v. Reyes*, 945 F.2d 862, 864 (5th Cir. 1991) (finding that "[a] motion for a writ of *audita querela* seeking vacation of a then otherwise final criminal conviction might perhaps more properly be considered, for presently relevant procedural purposes, as analogous to other postconviction remedies . . . . subject . . . to the procedural rules applicable to habeas corpus relief."); *United States v. Holder*, 936 F.2d 1, 5 (1st Cir. 1991) (holding that the writ of *audita querela* can only be available where there is a *legal* objection to a conviction, which has arisen subsequent to that conviction, and which is not redressable pursuant to another post-conviction remedy"); *United States v. Ayala*, 894 F.2d 425, 428 (D.C. Cir. 1990) (finding that the defendant could not "rely on the writ of *audita*

---

[2]"The Supreme Court commonly interprets § 2255 and § 2254 in light of each other." *Brackett v. United States*, 270 F.3d 60, 66 (1st Cir. 2001), *cert. denied*, 535 U.S. 1003 (2002). *See also Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir.1999).

*querela* to challenge his conviction. . . . The only circumstance, if any, in which the writ could furnish a basis for vacating a criminal conviction would be if the defendant raised a legal objection not cognizable under the existing scheme of federal postconviction remedies."); *United States v. Kimberlin,* 675 F.2d 866, 869 (7th Cir. 1982).

Petitioner has available other legal mechanisms to address the claim he raises. *See, e.g., Kimberlin,* 675 F.2d at 869 (finding that relief in the form of a writ of *audita querela* "cannot lie simply to enable a defendant to file a section 2255 motion without complying with the rules governing such motions"). This case falls short of the category of case warranting issuance of a writ of *audita querela* setting aside a valid and longstanding judgment.

**ACCORDINGLY,** the Court **ORDERS** that:

1. The request to proceed *in forma pauperis* **(Dkt. 2)** is **DENIED**.

2. The Petition for Writ of *Audita Querela* is **DENIED** without prejudice to Petitioner filing a habeas corpus petitions under 28 U.S.C. § 2254 **(Dkt. 1).**

3. The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

3. The **Clerk** is directed to send Petitioner a copy of the court-approved form used for filing a petition for relief under 28 U.S.C. § 2254.

**ORDERED** in Tampa, Florida, on January 31st, 2006.

JAMES D. WHITTEMORE
UNITED STATES DISTRICT JUDGE

SA:jsh
Copy to: *Pro se* Petitioner